# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANGELA STRICKLAND & MACK EDWARDS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CV416-051 ) |
| TRISTAR PRODUCTS, INC., | ) ) |
| Defendant. | ) |

# ORDER

Plaintiffs Angela Strickland and Mack Edwards seek to compel the production of "all documents furnished by Tristar Products, Inc." and "copies of all transcripts of depositions of taken by any party" in ten similar products liability cases (involving the explosion of defendant's pressure cookers) pending against Tristar across the country. Doc. 35; *see id.* at Exh. A (plaintiffs' second request for production of documents). Defendant objected to the "cloned" requests as being too expansive to be permitted under Fed. R. Civ. P. 34. Doc. 36; *see* doc. 35 at Exhs. L (response and objections), M & N (counsels' meet and confer letters). In particular, defendant argues that plaintiffs have not identified with particularity any category of documents sought or

specific material issue covered by the documents sought but rather seek an overly broad swath of documents that far exceeds what Rule 34 authorizes. Doc. 36 at 1-4. Plaintiffs, Tristar contends, are impermissibly seeking to "piggyback" on the discovery already conducted in other cases, and must instead "do their own work and request the information they seek directly." *Id.* at 4-5. And, most importantly, this motion comes at the close of discovery after only one meet and confer, *see* doc. 35 at Exhs. M & N, when clearly the parties could have further narrowed the scope of what plaintiff is seeking and what defendant was willing to turn over:

> Plaintiffs have already received thousands of pages of documents in response to extensive discovery requests to Tristar and have taken numerous depositions of current and former employees, who provided relevant information about the claims and theories in this case. Plaintiffs have already conducted multiple rounds of testing on the pressure cooker at issue by their expert. In short, the mere fact that the ten cases cited by Plaintiffs in their cloned discovery requests involved a [similar] pressure cooker sold by Tristar [as the one involved in this case] does not mandate a wholesale turnover of [all the] discovery from those cases, especially when Plaintiffs should know enough about their case at this stage to tailor discovery requests to particular issues germane to any issues remaining in this case.

Doc. 36 at 6-7 (objecting to the scale and scope of documents requested, *not* denying that the documents from the other ten cases were relevant

or contending that nothing at all should be produced).

Plaintiffs have failed to *meaningfully* meet and confer with defendant to dramatically narrow the scope of their dispute prior to seeking court intervention.[1] Plaintiffs are not entitled to "all documents" and "all depositions" in the 10 identified cases, regardless of the pertinence of those materials to the instant case. They simply must identify the materials more specifically than "all." Fed. R. Civ. P. 34(b)(1)(A) (requiring "reasonable particularity" in document requests). So, the Court will trust that the parties can manage to go back and meaningfully meet and confer before returning with blanket demands for production or boilerplate objections.[2] *See* S.D. Ga. L. R. 26.5

---

[1] Requiring meaningful consultation can lead to informal resolution and thus conservation of court resources. *Avera v. United Airlines, Inc.*, 465 F. App'x 855, 858-59 (11th Cir. 2012) (magistrate judge did not abuse his discretion in denying, without prejudice, plaintiff's motion to compel discovery where plaintiff had not sought to resolve his discovery dispute with defendant before filing the motion); *Jo Ann Howard & Associates, P.C. v. Cassity*, 2012 WL 1247271 at *8 (E.D. Mo. Apr. 13, 2012) (rejecting compulsion request in part because "the failure of the parties to communicate *materially* impeded their resolution of this matter.") (emphasis added).

[2] "[J]ust because the information was produced in another lawsuit . . . does not mean that it should be produced in this lawsuit." *Moore v. Morgan Stanley & Co., Inc.*, 2008 WL 4681942 at *5 (N.D. Ill. 2008). It is clear, however, that the ten other cases identified by plaintiffs involved similar products that appear to have malfunctioned in similar ways. *See* doc. 35 at Exhs. B-K. The questions about why those identical (and nearly identical) pressure cookers exploded is relevant both to questions about possible defects in the product and to the manufacturer's knowledge of the defect(s). "Piggyback" discovery is permissible for this relevant information,

("Counsel are reminded that Fed. R. Civ. P. 26(c) [ ] require[s] a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."); *Scruggs v. Int'l Paper Co.*, 2012 WL 1899405 at *2 (S.D. Ga. May 24, 2012) ("the lawyers here are professionals" and thus capable of fulfilling their Local Rule 26.5 duty to fully meet and confer before seeking the court's intercession). Put another way, the parties shall in good faith (at least by phone if not in person) attempt to resolve movant's objections without further Court involvement. Fees will be assessed for any bad faith shown.[3]

---

given the similarities and narrow number of cases plaintiffs seek. *C.f. Oklahoma v. Tyson Foods*, Inc., 2006 WL 2862216 at *1-2 (N.D. Okla. 2006) (denying motion to compel clone production of documents from "a similar poultry waste pollution lawsuit previously brought in this Court" absent a showing of more than "surface similarities" between the cases); *Wollam v. Wright Med. Grp., Inc.*, 2011 WL 1899774 at *2 (D. Colo. May 18, 2011) (summarily denying unbridled request for "all discovery" in unidentified number of cases). But that relevance only goes so far -- plaintiffs must still be reasonably particular in their requests. "All" is just too broad when ten cases involving (potentially) hundreds of depositions and tens of thousands of documents are involved. *See, e.g., Wiand v. Wells Fargo Bank, N.A.*, 2013 WL 6170610 at *3 (M.D. Fla. Nov. 22, 2013).

[3] The parties are reminded that

> The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad and includes discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action. Those resisting discovery must show specifically how the objected-to request is unreasonable or otherwise unduly burdensome.
>
> *Claims and defenses* determine discovery's scope. Evidence is relevant if it has

4

Plaintiffs' motion to compel is **DENIED** without prejudice.

**SO ORDERED,** this  5th  day of July, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

any tendency to make the existence of any fact or consequence more or less probable than it would be without the evidence.

*Daniel Def., Inc. v. Remington Arms Co., LLC*, 2015 WL 6142883 at * 2 (S.D. Ga. Oct. 19, 2015) (cites and quotes omitted).

"The standard for what constitutes relevant evidence is a low one." *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002); *McCleod v. Nat'l R.R. Passenger Corp.*, 2014 WL 1616414 at * 3 (S.D. Ga. Apr. 22, 2014) ("Rule 26, quite simply, sets forth a *very* low threshold for relevancy, and thus, the court is inclined to err in favor of discovery rather than against it."). The recent changes to the Federal Rules of Civil Procedure (in particular, Rule 26), although substantive and substantial, do not change the *definition* of relevance. Instead, they reemphasize and highlight requirements already present in the Rules, like proportionality. *See* Fed. R. Civ. P. 26, advisory committee note (2015) ("Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality. . . ."); *Sibley v. Choice Hotels Int'l*, 2015 WL 9413101 at * 2 (E.D.N.Y. Dec. 22, 2015) ("While proportionality factors have now been incorporated into the Rule 26(b)(1) definition, those factors were already a part of Federal discovery standards, appearing in Rule 26(b)(2)(C)(iii)").